## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
***michael@thesamuellawfirm.com***

Attorneys for Plaintiffs, Individually
and on behalf of all other persons similarly
situated

| | |
|---|---|
| Aboubacar Bonkoungou and Tenga Compaore, on behalf of themselves and all other persons similarly situated, | DOCKET NO. _____ |
| Plaintiffs, | |
| - vs. - | **CLASS ACTION COMPLAINT** |
| Royal Protective Services, Inc., | **COLLECTIVE ACTION** |
| Defendant. | |

Plaintiffs Aboubacar Bonkoungou and Tenga Compaore, by and through their undersigned attorneys, for their complaint against defendant Royal Protective Services, Inc., allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1.    Plaintiffs Aboubacar Bonkoungou and Tenga Compaore (together hereinafter, "Plaintiffs") allege on behalf of

themselves and on behalf of other similarly situated current and former employees of defendant Royal Protective Services, Inc., who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendant's violations lacked a good faith basis.

2.    Plaintiffs further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage and back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law ("NYLL") §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) unpaid spread-of-hours compensation for shifts worked lasting in excess of 10 hours from start to finish; (iii) unpaid prevailing wages; (iv) unpaid supplemental benefits; (v) liquidated damages pursuant to New York Labor Law for these violations; and (vi) statutory damages for the defendant's violations of the Wage Theft Prevention Act.

## **THE PARTIES**

3.    Plaintiff Tenga Compaore is an adult individual residing in the Bronx, New York.

4.    Plaintiff Aboubacar Bonkoungou is an adult individual residing in the Bronx, New York.

5.    Mr. Bonkoungou consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b);

6.    Mr. Compaore consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b);

7.    Defendant Royal Protective Services, Inc. is a domestic corporation organized under the laws of the State of New York (hereinafter referred to as "RPS Inc.") with a registered business address for service of process at 28 Autumn Lane, Suite 100, North Amityville, New York, 11701.

8.    Defendant RPS Inc. owns and operates a security patrol and service company in the New York City and metropolitan area, with a principal place of business at 101 Pardee Avenue, Islip, New York, 11751.

9.    At all relevant times, defendant RPS Inc. has been an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10.   Upon information and belief, at all relevant times, defendant RPS Inc. has had gross revenues in excess of $500,000.00.

11.   Upon information and belief, at all relevant times herein, defendant RPS Inc. has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

12.   At all relevant times herein, Defendant RPS Inc. was an "employer" of each of the Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14.   This Court has jurisdiction over the state law claims asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

15.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16.    Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by the defendants in the United States at any time since August 31, 2020, to the entry of judgment in this case (the "Collective Action Period"), who were security service employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek and/or prevailing wages and/or supplemental benefits (the "Collective Action Members").

17.    The Collective Action Members are similarly situated to Plaintiffs in that they were employed by the defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

18.    They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

19.    Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by the defendants.

20.   The exact number of such individuals is presently unknown, but is known by the defendants and can be ascertained through appropriate discovery.

## CLASS ACTION ALLEGATIONS

21.   Plaintiffs bring NYLL and breach of contract claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

22.   All said persons, including Plaintiffs, are referred to herein as the "Class."

23.   The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said FRCP 23.

***Numerosity***

24.   The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their

Claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

***Commonality***

25.  There are questions of law and fact common the Class which predominate over any questions affecting only individual class members, including:

a.  Whether Defendants employed Plaintiffs and the Class members within the meaning of New York law.

b.  Whether Plaintiffs and Class members were paid at least the minimum wage for each hour worked under the New York Labor Law;

c.  Whether Plaintiffs and Class members were entitled to and paid overtime under the New York Labor Law;

d.  Whether Defendant RPS Inc. breached contracts with local, state and/or federal governmental entities by failing to pay Plaintiffs and the Class members, who were third-party beneficiaries of such contracts, at the New York State and/or New York City prevailing wage rates;

e.  Whether Defendant RPS Inc. failed and/or refuse to pay Plaintiffs and the Class members for

overtime hours at the prevailing wage overtime rates for all hours worked on prevailing wage projects in excess of forty (40) hours per workweek or eight (8) hours per day;

f. Whether Defendants failed and/or refused to pay Plaintiffs and the Class members supplemental benefits on prevailing wage jobs as required by the New York City and New York State prevailing wage schedules;

g. Whether Defendant RPS Inc. was unjustly enriched by failing to pay Plaintiffs and the Class members at prevailing wage rates on prevailing wage jobs;

h. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class minimum wage, overtime and spread-of-hours pay as required by the New York Labor Law;

i. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

j. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs' and the Rule 23 Class's start of employment and/or timely thereafter;

k. Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken toward the minimum wage to Plaintiffs and the Rule 23 Class on each payday; and

l. At what common rate, or rates, including applicable prevailing wage rate(s) subject to common method of calculation was and is Defendant RPS Inc. required to pay Plaintiffs and the Class members for their work.

***Typicality***

26. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime, and spread-of-hours compensation, prevailing wage rates and supplemental benefits. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

27.  Plaintiffs can fairly and adequately protect the Interests of the Class and has no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

***Superiority***

28.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual

litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29.  Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**FACTS**

30.  At all relevant times herein, defendant RPS Inc. owned and operated a security service business in the New York City metropolitan area.

31.  At all relevant times herein, defendant RPS Inc.'s security service business has been based in North Amityville, New York.

32.  At all relevant times herein, defendant RPS Inc. contracted with public entities, such as the New York City Public Schools and/or New York City Department of Education and/or the New York State Education Department, to provide security services for numerous public schools in New York City.

33.  Upon information and belief, at all relevant times herein, defendant RPS Inc.'s security services contracts with the New York City Public Schools and/or New York City Department of Education and/or New York State Education Department obligated defendant RPS Inc. to pay Plaintiffs and the Class members at or above the local prevailing wage rates, including any required supplemental benefits and overtime premiums for hours worked in excess of forty (40) hours per week, eight (8) hours per day, hours worked on Saturday and Sunday and hours worked during the evening.  Defendants RPS Inc.'s failure to pay Plaintiffs the proper prevailing wage

rates, supplemental benefits and overtime premiums was a corporate policy that also applied to Defendant RPS Inc.'s other similarly situated employees.

34. As required by law, a schedule containing the prevailing rates of wages and supplemental benefits ("prevailing wage schedules") to be paid to the Plaintiffs and Class members should have been annexed to and formed a part of defendant RPS Inc.'s contracts with the New York City Public Schools and/or New York City Department of Education and/or New York State Education Department. If not annexed to the aforementioned contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

35. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rates stated in the aforementioned contracts was made for the benefit of all workers furnishing labor in the form of security services to the New York City Public Schools and, as such, the workers furnishing such labor are the beneficiaries of that promise and the contracts entered into between defendant RPS Inc. and the New York City Public Schools and/or New York City Department of Education and/or New York State Education Department.

36.  As employees of defendant RPS Inc. who were assigned to work as security guards in connection with the aforementioned contracts, Plaintiffs and the Class members were intended third-party beneficiaries of such contracts.

37.  Upon information and belief, the work performed pursuant to the aforementioned contracts between defendant RPS Inc. and the New York City Public Schools and/or New York City Department of Education and/or New York State Education Department required that RPS Inc.'s employees performing work under such contracts be paid prevailing wages pursuant to NYLL § 230.

38.  Upon information and belief, Plaintiffs and the Class members should have been paid at the then prevailing rate of wages (including supplemental benefits) for each period throughout their employment with defendants RPS Inc. for work performed pursuant to the aforementioned contracts.

39.  Mr. Aboubacar was employed by defendant RPS Inc. from 2021 through June 2023 as an unarmed security guard at New York City public schools in Staten Island and Brooklyn.

40.  Mr. Aboubacar's work was/is performed in the normal course of defendant RPS Inc.'s business, was integrated into the business of defendant RPS Inc., and did/does not involve executive or administrative responsibilities.

41.  At all relevant times herein, Mr. Aboubacar was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

42.  During his employment by defendant RPS Inc., Mr. Aboubacar worked a regular schedule each week totaling 48 hours, in two shifts.  He worked one shift from Friday night at midnight until Sunday at 8 a.m., and another shift from Sunday at 4 p.m. until Monday at 8 a.m.

43.  During his employment by RPS Inc. Mr. Aboubacar was paid $15 per hour by check for 32 hours per week, and $15 per hour in cash for 16 hours per week.

44.  Mr. Aboubacar received those amounts each week for all hours he worked, regardless of the exact number of hours he worked in a given week.

45.  As a result, Mr. Aboubacar's rate of pay was sometimes below the prevailing wage in effect at relevant times.

46.  Mr. Aboubacar received no supplemental benefits from defendant RPS Inc. during his employment.

47.  Defendant's failure to pay Mr. Aboubacar an amount at least equal to the prevailing wage in effect during relevant time periods was willful, and lacked a good faith basis.

48.  In addition, defendant RPS Inc. failed to pay Mr. Aboubacar any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

49.  Defendant RPS Inc.'s failure to pay Mr. Aboubacar the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

50.  Defendant RPS Inc. also failed to pay Mr. Aboubacar an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

51.  Defendant RPS Inc.'s failure to pay Mr. Aboubacar the spread-of-hours premium was willful, and lacked a good faith basis.

52.  Defendant RPS Inc. failed to provide Mr. Aboubacar with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain Mr. Aboubacar's signature acknowledging the same, either upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

53.   Defendant RPS Inc. failed to provide Mr. Aboubacar with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

54.   Mr. Compaore was employed by defendant RPS Inc. from January 2019 through December 2021 as an unarmed security guard at various New York City public schools in Brooklyn, including the Kings Highway Academy, PS 197.

55.   Mr. Compaore's work was performed in the normal course of defendant RPS Inc.'s business, was integrated into the business of defendant RPS Inc., and did not involve executive or administrative responsibilities.

56.   At all relevant times herein, Mr. Compaore was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

57.   During his employment by defendant RPS Inc., Mr. Compaore worked a regular daily schedule, seven days per week, from 10 a.m. until 10 p.m.

58.   As a result, Mr. Compaore worked 84 hours per week during his employment by defendant RPS Inc.

59.   During his employment by RPS Inc. Mr. Compoare was paid $15 per hour, by way of two checks; the first check for 40 hours per week, and the second check for 44 hours per week.

60.  Mr. Compoare received those two checks each week for all of the hours he worked.

61.  As a result, Mr. Compoare's rate of pay was sometimes below the prevailing wage in effect at relevant times.

62.  Mr. Compoare received no supplemental benefits from defendant RPS Inc. during his employment.

63.  Defendant's failure to pay Mr. Compoare an amount at least equal to the prevailing wage in effect during relevant time periods was willful, and lacked a good faith basis.

64.  In addition, defendant RPS Inc. failed to pay Mr. Compoare any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

65.  Defendant RPS Inc.'s failure to pay Mr. Compoare the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

66.  Defendant RPS Inc. also failed to pay Mr. Compoare an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

67.   Defendant RPS Inc.'s failure to pay Mr. Compoare the spread-of-hours premium was willful, and lacked a good faith basis.

68.   Defendant RPS Inc. failed to provide Mr. Compoare with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain Mr. Compoare's signature acknowledging the same, either upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

69.   Defendant RPS Inc. failed to provide Mr. Compoare with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

70.   Upon information and belief, throughout the period of Plaintiffs' employment,and before that time (throughout the Collective Action and Class Period), defendant RPS Inc. has likewise employed other individuals like Plaintiffs (the Collective Action and Class Members) in similar positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

71.   Defendant RPS Inc. applied the same employment policies, practices, and procedures to all Collective Action and Class members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

72.   Upon information and belief, defendant RPS Inc. has failed to pay these other individuals at a rate at least equal to the prevailing wage, in violation of the New York Labor Law.

73.   Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendant RPS Inc. has likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

74.   Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

75.   Upon information and belief, while defendant RPS Inc. employed Plaintiffs and the Collective Action and Class members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

76. Upon information and belief, while defendant RPS Inc. employed Plaintiffs and the Collective Action and Class members, and through all relevant time periods, defendant RPS Inc. failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

77. Plaintiffs, on behalf of themselves and all Collective Action and Class Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

78. At the relevant times references herein, Plaintiffs was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79. Defendant RPS Inc. willfully violated Plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

80. Defendant RPS Inc.'s failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

81. Due to the defendant's New York Labor Law violations, Plaintiffs are entitled to recover from the defendant their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

82. Plaintiffs, on behalf of themselves and all Collective Action and Class Members, repeat, reallege,and incorporate by reference the foregoing allegations as if set forth fully and again herein.

83. At all relevant times, the defendant employed Plaintiffs and each of the Collective Action and Class members within the meaning of the FLSA.

84. At all relevant times, the defendant had a policy and practice of refusing to pay overtime compensation to its employees for hours they worked in excess of forty hours per workweek.

85. As a result of defendant's willful failure to compensate their employees, including Plaintiffs and the Class and Collective Action members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendant has

violated, and continues to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

86.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

87.  Due to the defendant's FLSA violations, Plaintiffs and the Class and Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law – Overtime)

88.  Plaintiffs, on behalf of themselves and all Collective Action and Class members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

89.  At all relevant times, Plaintiffs were employed by the defendant within the meaning of the New York Labor Law, §§ 2 and 651.

90.  Defendant willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour

worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

91. Defendant's failure Plaintiffs overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

92. Due to the defendant's New York Labor Law violations, Plaintiffs are entitled to recover from the defendant their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV: New York Labor Law – Spread of Hours**

93. Plaintiffs, on behalf of themselves and all Collective Action and Class members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

94.  At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

95.  Defendant willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

96.  Defendant's failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

97.  Due to Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid spread-of-hours compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT V

### (New York Labor Law — Wage Theft Prevention Act)

98.  Plaintiffs, on behalf of themselves and all Collective Action and Class members, repeat, reallege, and

incorporate by reference the foregoing allegations as if set forth fully and again herein.

99.  At all relevant times specified herein, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

100. Defendant willfully violated Plaintiffs' rights by failing to provide them with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

101. Defendant willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

102. Due to the defendant's New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are each entitled to recover from the defendant statutory damages of $250 per day, for each day of their respective periods of employment between January 2019 to June 2023, up to the maximum statutory damages.

103. Due to the defendant's New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are each entitled to recover from the defendant statutory damages of $50 per day, for each day of their

respective periods of employment between January 2019 and June 2023, up to the maximum statutory damages.

## COUNT VI

### BREACH OF CONTRACT

104. Plaintiffs, on behalf of themselves and the Class and Collective Action members, repeat, reallege and incorporate by reference, the foregoing allegation as if set forth fully herein.

105. Upon information and belief, the contracts entered into between defendants RPS Inc. and the New York City Public Schools and/or the New York City Department of Education and/or the New York State Education Department contained schedules of the prevailing rates of wages and supplemental benefits or reference to the NYLL provisions governing payment of prevailing wages to be paid to Plaintiffs and the employee performing works pursuant to such contracts.

106. Those prevailing rates of wages and supplemental benefits were made part of such contracts for the benefit of Plaintiffs and the other employees performing work pursuant to such contracts. In the event that the contracts or agreements entered into between defendant RPS Inc. and the New York City Public Schools and/or the New York City Department of Education and/or the New York State Education Department failed to explicitly contain prevailing wage

schedules, the prevailing wage requirements were supplemented as a matter of law, requiring the defendant to pay the Plaintiffs prevailing wages, daily/weekly overtime and supplemental benefits for all work performed.

107. Defendant RPS Inc.'s failure to pay Plaintiffs at the correct prevailing wage rates for straight time, overtime, spread-of-hours and supplemental benefits for work performed pursuant to the aforementioned contracts constituted a material breach of such contracts.

108. As a result of the defendant's failure to pay Plaintiffs at the prevailing wage rates, they and the Collective Action and Class members are entitled to relief from the defendant under New York common law of contracts.

## COUNT VII

### UNJUST ENRICHMENT & QUANTUM MERUIT

109. Plaintiffs, on behalf of themselves and the Class and Collective Action members, repeat, reallege and incorporate by reference, the foregoing allegation as if set forth fully herein.

110. Based on Defendant's failure to pay Plaintiffs' the applicable prevailing wage rates, Defendant was unjustly enriched at the expense of Plaintiffs.

111. Equity and good conscience require that Defendant pay restitution to Plaintiffs.

112. Upon information and belief, when Defendant entered into the aforementioned contracts it agreed to pay the required prevailing wages, overtime and supplemental benefit rates of pay to Plaintiffs and other employees who performed work pursuant to such contracts.

113. Plaintiffs provided valuable services to Defendant performing prevailing wage rate work for which Plaintiffs expected compensation. Defendant knowingly accepted such services but failed to pay Plaintiffs the reasonable value of such services as defined by New York State and New York City prevailing wage schedules.

114. As a result of Defendant's failure to pay Plaintiffs at prevailing wage rates for prevailing wage work and Defendant's corresponding unjust enrichment, Plaintiffs and the Class and Collective Action members are entitled to relief from Defendant under New York's common law of unjust enrichment.

115. As a result of Defendant's failure to pay Plaintiffs the reasonable value of the services they rendered, Plaintiffs and the Collective Action and Class members are entitled to relief under New York's common law of quantum meruit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against the defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f.  Compensatory damages for failure to pay the prevailing wage rate pursuant to New York Labor Law;

g.  Compensatory damages for failure to pay supplemental benefits pursuant to New York Labor Law;

h.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, and overtime compensation pursuant to 29 U.S.C. § 216;

i.  Liquidated damages for the defendants' New York Labor Law violations;

j.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

k.  Back pay;

l.  Punitive damages;

m.  An award of prejudgment and postjudgment interest;

n.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o.  Such other, further, and different relief as this Court deems just and proper.

Dated: August 31, 2023

/s/ Michael Samuel
Michael Samuel (MS 7997)
The Samuel Law Firm
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff,
Individually and on behalf of an
FLSA collective and class action