UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABOUBACAR BONKOUNGOU, et al.,

              Plaintiffs,

-against-

ROYAL PROTECTIVE SERVICES, INC.,

              Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
23-cv-6553 (CBA) (CLP)

**AMON, United States District Judge:**

      On August 31, 2023, Plaintiffs Aboubacar Bonkoungou and Tenga Compaore (collectively, "Plaintiffs") filed suit against Royal Protective Services, Inc. ("RPS"), seeking compensation for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., wage violations under New York Labor Law ("NYLL") §§ 190, 650 et seq., and breach of contract claims as third-party beneficiaries to city and state contracts with RPS. (See ECF Docket Entry ("D.E.") # 1 ("Compl.").)

      Since the commencement of this litigation, RPS has failed to make an appearance or otherwise respond to the complaint. RPS has been properly served all required papers. (D.E. ## 7, 11, 12, 25, 27.) On November 30, 2023, Plaintiffs submitted a request for entry of default, which the Clerk of the Court granted on December 7, 2023. (D.E. ## 13, 15.) On January 7, 2024, Plaintiffs moved for a default judgment against RPS, (D.E. # 16), and I referred that motion to the Honorable Cheryl L. Pollak, United States Magistrate Judge, for report and recommendation. On May 20, 2024, Plaintiffs dropped a subset of their New York wage violation claims following recent decisions from district courts in this Circuit. (D.E. # 18.) On August 20, 2024, Magistrate Judge Pollak issued a report and recommendation. (D.E. # 26 ("R&R").)

1

In her R&R, Magistrate Judge Pollak recommended granting Plaintiffs' motion for default judgment on the merits of the FLSA and contract claims, as well as certain NYLL claims relating to overtime pay. However, she identified several errors with Plaintiffs' damages calculations. Specifically, she found that Plaintiffs over-calculated the prevailing wage deficit for the beginning of Mr. Bonkoungou's work period by $5.04 per week (see id. 15-16), and likewise overcalculated the unpaid overtime rate by $185.58 (44%) (see id. 16). Similarly for Mr. Compaore, he overstates the prevailing wage deficit by $22.00 per week. (Id. 16.) Because of the discrepancies in Plaintiffs' calculations and their lack of explanation, Magistrate Judge Pollak recommended denying Plaintiffs' request for damages at this juncture and allowing them to provide clarification. (Id. 16.) She also recommended denying their request for costs of service and attorney's fees as not adequately supported by affidavits and documentation. (Id. 16-17.)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the R&R, and the time for doing so has passed. After reviewing the record and finding no clear error, I adopt the R&R in full. I grant Plaintiffs' motion for default judgment on the merits of their overtime and breach of contract claims. I deny without prejudice Plaintiffs' motion with regard to damages.

Plaintiffs shall have twenty-one (21) days to file supplemental briefing on the damages calculation.

SO ORDERED.

Dated: September 6, 2024
       Brooklyn, New York

                                            s/Carol Bagley Amon
                                            Carol Bagley Amon
                                            United States District Judge