UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABOUBACAR BONKOUNGOU, et al.,

                Plaintiffs,

-against-

ROYAL PROTECTIVE SERVICES, INC.,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
23-cv-6553 (CBA) (CLP)

**AMON, United States District Judge:**

## BACKGROUND

On August 31, 2023, Plaintiffs Aboubacar Bonkoungou and Tenga Compaore (collectively "Plaintiffs") filed suit against Royal Protective Services, Inc. ("RPS"), seeking compensation for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; wage violations under New York Labor Law ("NYLL") §§ 190, 650 et seq.; and breach of contract claims as third-party beneficiaries to city and state contracts with RPS. (See ECF Docket Entry ("D.E.") # 1 ("Compl.").)

Since the commencement of this litigation, RPS has failed to make an appearance or otherwise respond to the complaint. RPS has been properly served all required papers. (D.E. ## 7, 11, 12, 25, 27.) On November 30, 2023, Plaintiffs submitted a request for entry of default, which the Clerk of the Court granted on December 7, 2023. (D.E. ## 13, 15.) On January 7, 2024, Plaintiffs moved for a default judgment against RPS, (D.E. # 16), and I referred that motion to the Honorable Cheryl L. Pollak, United States Magistrate Judge, for report and recommendation. She recommended granting Plaintiffs' motion for default judgment on the merits of the FLSA and contract claims, as well as certain NYLL claims relating to overtime pay, but denying Plaintiffs' claim for damages based on several calculation errors. (D.E. # 26.) She also recommended

1

denying, at that time, their request for costs of service and attorney's fees as not adequately supported by affidavits and documentation. (Id. 16-17.) No party objected, and I adopted Magistrate Judge Pollak's report and recommendation in full. (D.E. # 29.) Plaintiffs then submitted revised damages calculations. (D.E. # 30 ("Damages Letter").) I referred their letter to Magistrate Judge Pollak for report and recommendation.

For Compaore, Magistrate Judge Pollak recommended that I award damages totaling $160,182.67, comprising $42,953.09 in unpaid prevailing wages, $58,614.79 in unpaid overtime wages, and $58,614.79 in liquidated damages, as well as $14.45 per day in prejudgment interest from July 1, 2020 through the date judgment is entered. (D.E. # 31 ("Damages R&R") 18.) This total was less than the $247,119.46 Compaore requested because Magistrate Judge Pollak adjusted for a computational error related to the overtime wage calculation and she recommended denying the liquidated damages claim as it related to the unpaid prevailing wages under Second Circuit law. (Id. 9-18 (citing, inter alia, Hernandez v. NJK Contractors, No. 9-cv-4812 (RER), 2015 WL 1966355, at *49 (E.D.N.Y. May 1, 2015).)

For Bonkoungou, Magistrate Judge Pollak recommended denying his request for $257,817.75 in damages based on several discrepancies in Plaintiffs' submission: Bonkoungou's damages calculation showed his working through August 5, 2024, while his complaint and declaration say his employment ended in June 2023; and Bonkoungou's new damages calculation now seeks recovery on a theory of overtime wages accruing for daily work after an eight-hour shift while his complaint sought overtime for weekly hours beyond forty. (Id. 18-22.) Because "[t]he amount in damages available to plaintiff depends heavily on which claim the calculation rests," Magistrate Judge Pollak recommended denying Bonkoungou's request for damages without

2

prejudice to allow him to "explain his theory of computation and clarify the discrepancy in the dates of employment." (Id. 22.)

Lastly, Magistrate Judge Pollak recommended deeming the Plaintiffs' request for attorney's fees waived because the Plaintiffs did not provide in their first default judgment submission or in their updated submission any attested support for their costs or the reasonableness of the fee request. (Id. 22-23.) Following this report and recommendation, Plaintiffs filed a letter addressed to Magistrate Judge Pollak explaining, in five sentences, their two attorneys' experience. (D.E. # 33.) Magistrate Judge Pollak issued an electronic order denying Plaintiffs' request to supplement their default judgment motion with the letter because Plaintiffs have not provided an affidavit attesting to the hours the attorneys worked or their experience as required by Local Civil Rule 55.2(c). (Electronic Order dated April 4, 2025.) Plaintiffs have not otherwise objected to the Damages R&R or the April 4, 2025 Electronic Order.

## DISCUSSION

When deciding whether to adopt an report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the Damages R&R, and the time for doing so has passed. After reviewing the record and finding no clear error, I adopt the Damages R&R in full.

3

Specifically, Compaore is awarded the following damages: $42,953.09 in unpaid prevailing wages,[1] $58,614.79 in unpaid overtime wages under NYLL,[2] and $58,614.79 in liquidated damages for his unpaid overtime wage claim. Compaore is also awarded prejudgment interest on the overtime wages at 9% per annum, which is $5,275.33 per year or $14.45 per day, calculated from July 1, 2020 through the date on which judgment is entered.

Bonkounguo's request for damages is denied without prejudice. As recommended, he shall have thirty days to file supplemental briefing on damages to address the concerns raised in the Damages R&R. Plaintiffs' request for attorney's fees is denied with prejudice because they have repeatedly failed to provide the Court with sufficient sworn or affirmed proof to allow the Court to calculate attorney's fees and costs in contravention of the Local Rules. See Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020) ("Under the FLSA and NYLL . . . [t]he fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs."); Joe Hand Promotions, Inc. v. Elmore, No. 11-cv-3761 (KAM) (SMG), 2013 WL 2352855, at *11-12 (E.D.N.Y. May 29, 2013) (denying attorney's fees claim because of inadequate documentation).

The Clerk of Court is directed to enter judgment for Compaore in accordance with this Opinion.

SO ORDERED.

Dated: September 12, 2025
Brooklyn, New York

/s Hon. Carol Bagley Amon
Carol Bagley Amon
United States District Judge

---

[1] The sum of Compaore's revised calculations for unpaid prevailing wages on a period-by-period basis is actually one penny short of this figure, but $42,953.09 is appropriate because that one penny difference is due to rounding done at the period-by-period level. (See D.E. # 30-2.)

[2] (See Damages R&R 12-13; 12-13 nn.9-10 regarding a computational error in these damages.)