UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ABOUBACAR BONKOUNGOU, et al.,

Plaintiffs,

-against-

ROYAL PROTECTIVE SERVICES, INC.,

Defendant.
---------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
23-cv-6553 (CBA) (PCG)

**AMON, United States District Judge:**

On October 11, 2025, Plaintiff Aboubacar Bonkoungou filed an amended version of his second motion for default judgment against the Defendant in this action. (ECF Docket Entry ("D.E.") # 37.)[1] The Defendant has not answered the complaint and has failed to otherwise appear in this action, despite having been properly served, and despite entry against it of a certificate of default by the Clerk of Court. (D.E. # 15.) On October 20, 2025, I referred the motion to the Honorable Cheryl L. Pollak. (See Text Order dated Oct. 20, 2025.) On January 14, 2026, this case was reassigned to Magistrate Judge Peggy Cross-Goldenberg. (See Text Order dated Jan. 14, 2026.) Now before me is Magistrate Judge Cross-Goldenberg's Report and Recommendation (R&R) recommending that I grant Plaintiff's motion. (D.E. # 42 ("R&R").) No party has objected to the R&R, and the time for doing so has now passed.

## BACKGROUND

Magistrate Judge Cross-Goldenberg's R&R sets out the facts of this case in detail. To the extent it is relevant for the purposes of this order, Plaintiff's complaint alleges that he was underpaid for wages while employed as a security guard for Defendant from January 2021 to June

[1] This superseded Plaintiff's October 10, 2025, filing of a second motion for default judgment. (D.E. # 36.)

2023. (R&R at 5.) Plaintiff was paid the same amount each week regardless of the number of hours he worked, meaning his pay was at times below the prevailing wage in effect. (Id.) In addition, Plaintiff did not receive supplemental benefits during his employment which would have added to his wages. (Id.)

On August 31, 2023, Plaintiff filed his complaint asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., the New York Labor Law ("NYLL") N.Y. Lab. Law §§ 190 et seq., §§ 650 et. seq., and for breach of contract (D.E. # 1 ("Compl.").) The Clerk of Court entered default against the Defendant on December 7, 2023. (D.E. # 15.) Plaintiff, along with his Co-Plaintiff Tenga Compaore, filed his first motion for default judgment on January 7, 2024. (D.E. # 16.) On August 20, 2024, Magistrate Judge Pollak issued her first Report and Recommendation that the motion for default judgment be granted with respect to liability for both Plaintiffs' unpaid overtime and breach of contract claims and denied without prejudice with respect to damages. (D.E. # 26.) I adopted Judge Pollak's first Report and Recommendation in full on September 6, 2024. (D.E. # 29.) On February 27, 2025, Magistrate Judge Pollak issued her second Report and Recommendation which recommended granting Co-Plaintiff Compaore's motion for default as to damages and denying Plaintiff Bonkoungou's motion for default as to damages with leave to renew in light of the issues addressed in the report. (D.E. # 31.) Counsel for Plaintiff filed a letter on March 12, 2025, objecting to the denial of attorney's fees in Magistrate Judge Pollak's second Report and Recommendation. (D.E. # 33.) On April 4, 2025, Magistrate Judge Pollak entered a text order denying Plaintiff's request to supplement his prior application for attorney's fees. (See Text Order dated Apr. 4, 2025.) On September 12, 2025, I fully adopted Magistrate Judge Pollak's second Report and Recommendation which permitted Plaintiff leave to renew his motion for default judgment as to damages within 30 days. (D.E. # 34.) Plaintiff filed

his second motion for default judgment as to damages on October 10, 2025, (D.E. # 36), which was superseded by an amended second motion for default judgment as to damages on October 11, 2025, following a revision to the damages calculation, (D.E. # 37).

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If there has been no objection to an R&R, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I find no clear error in Magistrate Judge Cross-Goldenberg's R&R, to which no party has objected.

As Magistrate Judge Cross-Goldenberg noted, liability has already been decided on this motion for default judgment, leaving the amount of damages as the only outstanding issue. (R&R at 4-5.) Since default is only deemed to be a concession of liability and not damages, the court must satisfy itself that Plaintiff has proved damages with reasonable certainty. Balhetchet v. Su Caso Mktg. Inc., No. 19-cv-4475 (PKC) (SJB), 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020) (citation omitted). "Damages [in deciding a motion for default judgment] are proven through an evidentiary hearing, or through affidavits and other documentary submissions that provide a factual basis for determining the amount of damages to be awarded." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 155 (E.D.N.Y. 2010).

Magistrate Judge Cross-Goldenberg analyzed Plaintiff's submissions which documented his relevant wage and employment history in order to calculate an appropriate amount of damages. (R&R at 6.) I agree with Magistrate Judge Cross-Goldenberg that Plaintiff is entitled to $40,800.34 in prevailing wages and supplemental benefits based on the submitted records. (Id. at 7-8.)

Magistrate Judge Cross-Goldenberg properly analyzed Plaintiff's unpaid overtime wage claim to calculate $9,539.69 in damages. (Id. at 9-10.) An equal amount, $9,539.69, was correctly computed by Magistrate Judge Cross-Goldenberg in liquidated damages. (Id. at 10-11.) I agree with Magistrate Judge Cross-Goldenberg's recommendation that pre-judgment interest be awarded at the statutory rate of 9 percent from April 1, 2022 to the date of the Clerk of Court's entry of final judgment. (Id. at 12.)

Finally, I concur with Magistrate Judge Cross-Goldenberg's recommendation that Plaintiff's renewed request for attorney's fees be denied. (Id. at 14-16.) As I noted in my September 12, 2025, Memorandum and Order, "Plaintiffs' request for attorney's fees is denied with prejudice because they have repeatedly failed to provide the Court with sufficient sworn or affirmed proof to allow the Court to calculate attorney's fees and costs in contravention of the Local Rules." (D.E. #34 at 4 (citations omitted).) "[A] dismissal with prejudice is a ruling on the merits that precludes a plaintiff from relitigating—in any court, ever again—any claim encompassed by the suit." Harty v. W. Point Realty, Inc., 28 F.4th 435, 445 (2d Cir. 2022) (cleaned up). Therefore, I decline to revisit my previous ruling on that issue, and I find that both attorney's fees and costs should be denied. See Hinfin Realty Corp. v. The Pittston Co., 212 F.R.D. 461, 462 (E.D.N.Y. 2002) (finding that attorney's fees and costs are generally considered together as part of a fee award). I find no clear error in any of Magistrate Judge Cross-Goldenberg's determinations or calculations.

## CONCLUSION

For the foregoing reasons, I adopt Magistrate Judge Cross-Goldenberg's Report and Recommendation in full. Plaintiff's amended second motion for default judgment is GRANTED except as to the request for attorney's fees and costs. The Clerk of Court is directed to calculate

interest and enter judgment in accordance with the findings on pages 12 and 16 of the R&R.

So Ordered.

Dated: September 16, 2026
Brooklyn, New York

/s/ Carol Bagley Amon

Carol Bagley Amon
United States District Judge